IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY J. TURLEY, # N-08083,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00738-GPM |
| | ) |
| **BRAD BRAMLET, TONYA KNUST,** | ) |
| **SCOTT MILLER, DONZELL HARRIS,** | ) |
| **and CHRISTOPHER HIGHTOWER,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Gregory Turley, an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a life sentence for theft, kidnapping, and three aggravated criminal sexual assault convictions. Shortly after filing a complaint on July 24, 2013, Plaintiff filed a motion for leave to file an amended complaint on August 7, 2013. The Court granted Plaintiff's motion. In the amended complaint, Plaintiff claims that during his incarceration at Menard, Defendants retaliated against him by denying him access to the courts. Plaintiff seeks monetary damages, as well as injunctive relief.

This case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out meritless claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

**The Amended Complaint**

Specifically, Plaintiff claims that certain Menard staff members retaliated against him for filing grievances by denying Plaintiff access to the courts (Doc. 8). On January 17, 2013,[1] Plaintiff filed "particularly inflammatory" grievances challenging Menard's law library policies (Doc. 8, p. 9). A Menard grievance officer received his grievances on January 22nd.[2] Plaintiff followed with an emergency grievance addressing his lack of court access on February 18th. The emergency grievance was ultimately denied on February 20th.

Even so, Defendants Bramlet and Knust, two law library paralegals, intentionally withheld electronically filed court documents from Plaintiff for a 24-day period of time between January 28th and February 21st (Doc. 8, p. 8). On February 21st, the day after Plaintiff's emergency grievance was denied, Defendant Bramlet personally delivered to Plaintiff's cell twelve electronically filed court documents that were dated February 4th-20th.[3] Defendant Bramlet provided no explanation or apology for withholding these documents from Plaintiff (Doc. 8, p. 10). He admitted reading the grievances. He also asked Plaintiff whether it was a "little extreme" to ask that he be fired.

Plaintiff filed grievances on May 3rd, 7th, and 14th challenging Defendants Bramlet and Knust's interference with his law library access (Doc. 8, p. 3). At the time, Plaintiff was actively involved in federal litigation, i.e., *Turley v. Rednour, et al.*, Case No. 11-1052-MJR (S.D. Ill. Nov. 30, 2011). After filing the grievances, Plaintiff again encountered problems receiving electronically filed documents (Doc. 8, p. 5). Plaintiff did not receive a Report and Recommendation for Summary Judgment (Doc. 135) that was filed on May 20th (Doc. 8, p. 7).

---

[1] According to the amended complaint, all events giving rise to Plaintiff's claim occurred in 2013.
[2] Menard was placed on lockdown from February 5-April 16.
[3] Despite being on lockdown, other inmates were provided with their electronically filed court documents during this same time period.

He learned about it on July 16th, when he was provided with a copy of the Court's Memorandum and Order granting, in part, summary judgment to an opposing party (Doc. 8, p. 6). Defendants Bramlet and Knust intentionally withheld the Report and Recommendation from Plaintiff in retaliation for filing grievances against them (Doc. 8, p. 7).

Plaintiff also experienced an 8-day delay in receiving a Report and Recommendation (Doc. 140) that was electronically filed and transmitted to Menard on July 3rd (Doc. 8, p. 5). Despite seeing Plaintiff at the law library on July 8th, Defendant Bramlet waited until July 11th to deliver the document to Plaintiff's cell (Doc. 8, pp. 5-6). The Report and Recommendation set a 14-day period for filing objections, which was effectively reduced to six days for Plaintiff (Doc. 8, p. 6). He was forced to request an extension. Defendants Bramlet and Knust intentionally withheld the court document in retaliation for Plaintiff's grievances.

Plaintiff also learned in July that his status as a prisoner with "court deadlines" was modified, in order to reduce his law library access (Doc. 8, pp. 4, 11-12). Menard inmates are generally allowed one session in the law library each week (Doc. 8, p. 4). Those inmates with "court deadlines" receive an additional session. Until July 9th, Plaintiff was classified as a prisoner with "court deadlines" (Doc. 8, p. 12). Around July 9th, Defendants Bramlet, Knust, Miller, Harris, and Hightower removed Plaintiff from this list, cutting his weekly law library access in half. This coincided with the 14-day objection period contained in the Report and Recommendation (Doc. 140) that Plaintiff received eight days late.

Plaintiff provided proof of on-going court deadlines to Defendant Bramlet and the law clerks (Doc. 8, p. 11). On July 15th, Defendants Harris and Hightower confirmed that Plaintiff should receive two law library sessions per week (Doc. 8, p. 13). These two defendants, along with Defendant Ellis, verified the court deadlines. On July 16th, Plaintiff asked his counselor to

3

find out why he was being denied a second law library session each week. The counselor spoke with Defendant Bramlet, who explained that Plaintiff's law library sessions were reduced to one per week. Plaintiff would also have access to a law clerk in his unit. Plaintiff claims that Defendants Bramlet, Knust, Miller, Harris, and Hightower conspired to retaliate against him by removing him from the list of prisoners with "court deadlines" (Doc. 8, p. 14).

Finally, Plaintiff alleges that Defendants Bramlet, Knust, and Ellis subjected him to "dunce seating" in the library (Doc. 8, pp. 15-19). This seating assignment began as soon as Defendant Knust learned that Plaintiff filed this lawsuit on July 23, 2013. According to the amended complaint, Defendants Knust and Bramlet have since made remarks to Plaintiff about the lawsuit and required him to sit at a table nearest the officer observation desk (Doc. 8, pp. 16-17). The amended complaint alleges that Defendant Ellis may "-at some point- write a false disciplinary ticket (Doc. 8, p. 18).

Plaintiff now brings claims against Defendants Bramlet, Knust, Miller, Harris, and Hightower for the denial of his access to the courts, retaliation, and conspiracy.

## DISCUSSION

The Court finds it convenient to divide the amended complaint into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** First Amendment access to courts claim against Defendants Bramlet, Knust, Miller, Harris, and Hightower.

**Count 2:** First Amendment retaliation claim against Defendants Bramlet, Knust, Miller, Harris, and Hightower.

**Count 3:** Conspiracy claim against Defendants Bramlet, Knust, Miller, Harris, and Hightower.

**Count 1 – Access to Courts**

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable First Amendment access to courts claim (Count 1) *only* against Defendants Bramlet and Knust for failing to provide him with electronically filed court documents, including the Report and Recommendation for Summary Judgment that was ultimately granted, in part, against him. However, this claim fails against all of the remaining defendants. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Therefore, to be held liable under § 1983, a defendant must have participated directly in the constitutional violation.

The amended complaint contains no allegations suggesting that Defendants Miller, Harris, or Hightower participated in denying Plaintiff's access to the courts. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from

illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603.

Plaintiff has not satisfied either part of this test, as it pertains to Defendants Miller, Harris, or Hightower. Plaintiff's amended complaint does not suggest that any of these defendants delayed his receipt of legal documents or took actions that caused Plaintiff to suffer substantial prejudice in his pending litigation. Plaintiff's allegations focus exclusively on actions taken by Defendants Bramlet and Knust. Accordingly, Plaintiff shall be allowed to proceed on Count 1 *only against* Defendants Bramlet and Knust.

**<u>Count 2 – Retaliation</u>**

Based on the allegations in Plaintiff's amended complaint, the Court finds that Plaintiff also has a colorable retaliation claim against Defendants Bramlet and Knust for interfering with his access to the courts in retaliation for filing grievances against them. Plaintiff has failed to state a retaliation claim against the remaining defendants. Prisoners have a First Amendment right to free speech, *see Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Martin v. Brewer,* 830 F.2d 76, 77 (7th Cir. 1987), and restrictions on that right will be upheld only if they are "reasonably related to legitimate penological interests," *see Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989) (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)); *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000). Further, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not

6

retaliate against a prisoner because that prisoner filed a grievance"); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory transfer); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliation for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam) (retaliation for filing suit). In the amended complaint, Plaintiff does not state sufficient allegations to suggest that Defendants Miller, Harris, or Hightower took any sort of retaliatory action against him for filing grievances. Accordingly, Plaintiff shall be allowed to proceed on Count 2 *only against* Defendants Bramlet and Knust.

**Count 3 – Conspiracy**

Finally, the Court finds that Plaintiff has a colorable conspiracy claim against Defendants Bramlet and Knust for conspiring to retaliate against him and deny his access to the courts. Again however, Plaintiff's conspiracy claim fails as to all of the remaining Defendants. Although "it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date" of the conspiracy, Plaintiff has fallen short of meeting this standard with respect to Defendants Miller, Harris, and Hightower. *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). Plaintiff has not pointed to any retaliatory action taken on the part of any of these defendants. The mere fact that Plaintiff named these Defendants in grievances he filed at Menard does not establish that any of them then conspired to or actually did retaliate against him as a result. Accordingly, Plaintiff shall be allowed to proceed on Count 3 only against Defendants Bramlet and Knust.

## DISPOSITION

**IT IS HEREBY ORDERED** that **DEFENDANTS MILLER, HARRIS** and **HIGHTOWER** are **DISMISSED with prejudice** from this action.

The Clerk of Court shall prepare for **DEFENDANTS BRAMLET** and **KNUST**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has

not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 26, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge