IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY TURLEY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-738-NJR-DGW |
| | ) |
| BRAD BRAMLET and TONY A. KNUST, | ) |
| | ) |
|       Defendants. | ) |

# ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 44), recommending that Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 24) be granted, that Plaintiff's Motion to Strike Affirmative Defenses (Doc. 34) be denied, and that this matter be dismissed without prejudice for failure to exhaust administrative remedies. The Report and Recommendation was entered on April 10, 2014. Plaintiff filed a timely objection to the Report and Recommendation on April 24, 2014 (Doc. 46).

## Background

Plaintiff alleges in his Amended Complaint (Doc. 8) that certain employees at the Menard Correctional Center ("Menard") retaliated against him for filing grievances and caused him to miss significant Court imposed deadlines. The following claims

survived threshold review:

> Count 1: First Amendment access to courts claim against Defendants Bramlet and Knust for failing to provide electronically filed court documents and causing missed deadlines in on-going civil lawsuits.
>
> Count 2: First Amendment Retaliation claim against Defendants Bramlet and Knust for interfering with Plaintiff's access to the courts in retaliation for the filing of grievances against them.
>
> Count 3: Conspiracy claim against Bramlet and Knust for conspiring to retaliate against Plaintiff and deny Plaintiff access to the courts.

(Doc. 10, pp. 4-5).

On February 3, 2014, Defendants Bramlet and Knust filed a Motion for Summary Judgment on the Issue of Exhaustion (Doc. 24). Specifically, they assert that there are four unexhausted grievances regarding the conduct of Defendants Bramlet and Knust that are currently pending before the Administrative Review Board, and thus Plaintiff filed his Complaint prior to exhaustion.

On March 6, 2014, Plaintiff filed a response (Doc. 37), along with a Motion to Subpoena Witnesses (Doc. 31), and a Motion to Strike Defendants' Affirmative Defense (Doc. 34). Judge Wilkerson denied without prejudice the Motion to Subpoena Witnesses, informing Plaintiff that the necessity of witnesses on the issue of exhaustion would be determined at the hearing. The Motion to Strike Affirmative Defenses (Doc. 34) remains pending.

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' motion on April 1, 2014.

Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 44). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

**Conclusions of the Report and Recommendation**

Based upon the evidence before the Court, Judge Wilkerson found that Plaintiff failed to exhaust his administrative remedies. Judge Wilkerson studied the various grievances filed by Plaintiff and found that only two were relevant and related to the events subject to this suit: the February 28, 2013 grievance and the July 25, 2013 grievance. Specifically, Judge Wilkerson found that the July 25, 2013 grievance was filed *after* Plaintiff initiated this lawsuit and is still pending before the ARB. As to the February 18, 2013 grievance, Judge Wilkerson found that Plaintiff is not credible in his assertion that he submitted the grievance to the grievance officer. Judge Wilkerson further found that the grievance process has not been made unavailable to Plaintiff because of an alleged pattern of retaliation, as Plaintiff's actions and demeanor reveal that he is neither intimidated nor prevented from seeking redress in the form of grievances or lawsuit. Lastly, Judge Wilkerson found that equitable estoppel would not apply to this matter.

**Discussion**

Where timely objections are filed, this Court must undertake a *de novo* review of

the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part). However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Here, Plaintiff has filed a timely objection to the Report and Recommendation. In that objection, Plaintiff reiterates the argument that the grievance procedure was made unavailable to him by Defendants' alleged retaliation. Administrative remedies become "unavailable" when prison officials fail to respond to a properly-filed inmate grievance, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), or when prison employees otherwise use affirmative misconduct to prevent a prisoner from exhausting, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Ducey v. Flagg*, No. 08-cv-0691-MJR, 2009 WL 3065045, at *4 (S.D. Ill. Sept. 21, 2009) ("[P]rison officials can easily thwart an inmate's attempt to exhaust administrative remedies simply by failing to respond to his or her grievances.").

Here, although Plaintiff alleges (and it is supported by the record) that he did not receive a response to his February 18, 2013 grievance, Judge Wilkerson found that Plaintiff was not credible in his assertion that he submitted the grievance to a grievance officer in the first place. At *Pavey* hearings, a court is permitted to make findings of fact and credibility assessments of witnesses. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Magistrate judges are in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995). Clearly, Judge Wilkerson has assessed the credibility of Plaintiff's statements and found them lacking. It is not the Court's business at this juncture to second-guess Magistrate Judge Wilkerson's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

Overall, the Court finds the factual findings and rationale of the Report and Recommendation sound. It is well established that an inmate cannot file suit first, then reach administrative exhaustion second. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). Here, it is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, and thus the case must be dismissed.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and

Recommendation (Doc. 44). Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 24) is **GRANTED**, and Plaintiff's Motion to Strike Affirmative Defenses (Doc. 34) is **DENIED**. This case is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

    **IT IS SO ORDERED.**

    DATED:   August 4, 2014

                                          s/ Nancy J. Rosenstengel_____
                                          **NANCY J. ROSENSTENGEL**
                                          **United States District Judge**